IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOHN BOLEN,**
**Claimant Below, Petitioner**

**v.)  No. 25-ICA-236**          (JCN: 2018009464)

**BROOKS RUN SOUTH MINING, LLC c/o ANR,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner John Bolen appeals the May 16, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Brooks Run South Mining, LLC c/o ANR ("Brooks Run") timely filed a response.[1] Mr. Bolen did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which found that Mr. Bolen was fully compensated by his prior 15% permanent partial disability ("PPD") award for occupational pneumoconiosis ("OP").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is vacated and remanded for further proceedings consistent with this decision.

In findings dated June 19, 2014, in claim number 2014012262, the OP Board found that there was sufficient evidence to justify a diagnosis of OP with 10% impairment. The OP Board noted that Mr. Bolen was a sixty-year-old underground coal miner with 40.5 years of hazardous dust exposure. Mr. Bolen reported shortness of breath for seven to eight years; an occasional nonproductive cough for two to three years; and a pneumothorax in 2004 secondary to chest trauma. The OP Board based its findings on physical examination, pulmonary function studies, and x-rays of Mr. Bolen's chest. Upon physical examination, Mr. Bolen was in good general clinical condition without respiratory distress and no rales or wheezing. On August 20, 2014, the claim administrator issued an order granting Mr. Bolen a 10% PPD award, based on the findings of the OP Board.

---

[1] Mr. Bolen is represented by Lori J. Withrow, Esq., and Reginald D. Henry, Esq. Brooks Run is represented by Sean Harter, Esq.

A. Mirza, M.D., completed a Physicians' Report of Occupational Pneumoconiosis dated October 5, 2017, for claim number 2018009464. Dr. Mirza diagnosed mild impairment due to coal workers' pneumoconiosis. Mr. Bolen completed an unsigned Employees' Report of Occupational Pneumoconiosis, which indicated that he had 10% impairment due to OP. By order dated October 5, 2017, the claim administrator concluded that Mr. Bolen's claim is subject to the statutory presumption set forth in West Virginia Code § 23-4-8c(b) (2009).[2]

In findings dated November 12, 2019, the OP Board found sufficient evidence to justify a diagnosis of OP with 15% impairment, an additional 5% above the 10% impairment previously recommended. The OP Board noted that Mr. Bolen was sixty-five years old; had forty-one-and-a-half years of exposure to a dust hazard; and that he retired in October of 2014. The OP Board based its findings on physical examination by members of the Board, pulmonary function studies made for the Board, and chest x-rays made by the Board. The OP Board noted that Mr. Bolen reported shortness of breath for fifteen years, chronic productive cough for eight years, and occasional wheezing for four years. Further, the OP Board noted that Mr. Bolen was treated for pneumonia in 2016 and diagnosed with hypertension in 2016. Upon physical examination, Mr. Bolen was not in respiratory distress at rest and there were no rales or wheezing. By order dated December 18, 2019, the claim administrator granted Mr. Bolen an additional 5% PPD award for OP, for a total of 15% PPD in claim number 2018009464.

In this claim, on August 17, 2023, the OP Board found that Mr. Bolen had sufficient evidence to justify a diagnosis of OP with no more than the 15% impairment previously found; that Mr. Bolen retired in 2015; and that he reported shortness of breath for 20 years, and a chronic productive cough for 20 years.

---

[2] West Virginia Code § 23-4-8c(b) provides:

If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

By order dated October 18, 2023, the claim administrator found that Mr. Bolen had been fully compensated by his prior 15% PPD award, based on the findings of the OP Board. Mr. Bolen protested this order to the Board.

Mr. Bolen underwent pulmonary function testing at New River Breathing Center on April 9, 2024, which was interpreted as showing mild prebronchodilator obstruction, normal postbronchodilator results, normal lung volumes, and a moderate reduction of the DLCO.

A final hearing was held on March 19, 2025, to take the testimony of the OP Board. John Willis, M.D., the OP Board radiologist, testified that the chest x-rays dated August 17, 2023, November 12, 2019, February 22, 2018, June 19, 2014, May 22, 1987, and December 6, 1985, showed pleural and parenchymal changes consistent with OP; that the most recent film dated August 17, 2023, shows a nodular fibrosis consistent with OP and large opacities of complicated pneumoconiosis in both lungs; and that these films show a progression of Mr. Bolen's simple OP to the development of large opacities and complicated OP.

Jack Kinder, M.D., chairman of the OP Board, testified that he agreed with Dr. Willis' interpretation of the x-rays. Dr. Kinder also indicated that the single breath diffusion study from August 17, 2023, showed 15% impairment. Further, Dr. Kinder stated that he remained of the opinion that Mr. Bolen had been fully compensated by his previous 15% PPD award for OP. Regarding the New River Health testing, Dr. Kinder stated that no carboxyhemoglobin level was reported, and that the OP Board would thus not rely on that testing for an impairment rating.[3] Mallinanth Kayi, M.D., testified that he agreed with the opinions of Drs. Willis and Kinder.

By order dated May 16, 2025, the Board affirmed the claim administrator's order. The Board found that the findings of the OP Board that Mr. Bolen has 15% pulmonary impairment from occupational pneumoconiosis, for which he has been fully compensated, are not clearly wrong in view of the reliable, probative, and substantial evidence of record. It is from this order that Mr. Bolen now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

---

[3] West Virginia Code of State Rules § 85-20-52.9(f)(4) (2006) requires the carboxyhemoglobin level to be reported.

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Bolen argues that the Board was clearly wrong in finding that he did not prove by a preponderance of the evidence that he sustained more than 15% PPD due to OP. Further, Mr. Bolen argues that the Board failed to address or analyze the evidence in the record in its decision. Mr. Bolen also contends that he is entitled to a 25% PPD award for impairment due to OP. We agree that the Board failed to adequately address the evidence of record in its decision.

Here, the Board's analysis of the evidence lacks sufficient detail. The Board did not address the specific testimony of the OP Board members or the pulmonary function testing results. The Board merely made a conclusory statement that the findings of the OP Board were not clearly wrong. We acknowledge that the OP Board's opinions are reviewed under a clearly wrong standard of review by the Board. However, this deferential standard does not relieve the Board from addressing the evidence submitted and the meritorious arguments made by the parties.

Upon review, we conclude that the Board failed to adequately consider and analyze the evidence in this claim. As we held in *Boyce v. Quinwood Coal Co.*, *LLC*, No. 24-ICA-346, 2025 WL 2792731, at *4 (W. Va. Ct. App. Oct. 1, 2025), "this Court has consistently stated that it is not in a position to reweigh evidence at the appellate stage." The Board simply restated the OP Board's conclusion, without any explanation or determination of the reliability or credibility of the evidence of record. The Supreme Court of Appeals of West Virginia has emphasized the need for the Board to perform an adequate analysis of the evidence in every claim. *See Workman v. ACNR Resources, Inc.*, 251 W. Va. 796, 916 S.E.2d 638 (2025); *Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011 (W. Va. Nov. 13, 2024) (memorandum decision). In remanding, we emphasize that our decision should not be seen as somehow forecasting the outcome of the case. We direct that the Board provide an analysis of the evidence in this claim.

Accordingly, we vacate the Board's May 16, 2025, decision and remand the claim to the Board for additional analysis.

Vacated and Remanded.


**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White